Ryan Farnsworth, ID #8885
Avery Law
770 S. Woodruff Ave
Idaho Falls, ID 83401
Tel: 208-524-3020
Fax: 208-524-2051
Email: ryan@averylaw.net
*Attorneys for Plaintiff,*
*Roger Davison*

## UNITED STATES DISTRICT COURT
## IN THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER DAVISON,<br><br>Plaintiff,<br><br>v.<br><br>NETCREDIT LOAN SERVICES, LLC d/b/a NETCREDIT,<br><br>Defendant. | Case No.: 1:21-cv-00111<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Intrusion Upon Seclusion |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Roger Davison ("Plaintiff" or "Mr. Davison"), by and through his attorneys, alleges the following against Defendant NetCredit Loan Services, LLC d/b/a NetCredit. ("NetCredit" or "Defendant"):

///

///

1

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Idaho.

6. Defendant is a company that offers online loans and other financial services to consumers. Defendant's principal place of business is in Chicago, IL. Defendant be served through its registered agent for service of process, CT Corporation System, 921 S Orchard St., Ste G, Boise, Idaho 83705.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect an alleged debt from Plaintiff.

9. In or around May 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his personal cellular phone number ending in 9955 and his work cellular phone number ending in 0767.

10. On or about May 30, 2020, Plaintiff answered a call from Defendant. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

11. The representative indicated that Defendant was attempting to collect a debt.

12. Plaintiff apologized because he was not able to make a payment and requested to be contracted in writing only.

13. Despite this conversation and stating that he wanted to be contacted in writing only, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone.

14. Between May 30, 2020 and October 31, 2020, Defendant called Plaintiff on his cellular phone approximately two hundred (200) times.

15. Defendant even placed calls to Plaintiff's work phone.

16. Defendant would call Plaintiff's personal cell phone and when there was no answer, would then place a call to Plaintiff's work phone.

17. Upon information and belief, Defendant also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

18. Upon information and belief, Defendant called Plaintiff and delivered prerecorded or artificial voice messages.

19. Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

20. Upon information and belief, the phone system used by Defendant places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

21. Upon information and belief, use of the automated telephone dialing system by Defendant allowed Defendant to call Plaintiff more times than it otherwise would have been able to had it dialed manually, increasing the harassing nature of the calls.

22. Upon information and belief, Defendant's phone system is capable of placing tens of thousands of automated phone calls a day.

23. Upon information and belief, Defendant's representatives did not review Plaintiff's account notes and/or file prior to a collection call being made to him by Defendant's automated phone system.

24. Defendant's conduct was done willfully and knowingly.

25. Defendant was aware that Plaintiff could not make a payment, and that he revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

26. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

27. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

28. Further, the conduct was done with such frequency so as to harass Plaintiff and cause him great annoyance.

29. Plaintiff attempted to explain his situation and request that Defendant contact him in writing only in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cellular phone with automated debt collection calls.

30. The global pandemic caused Plaintiff a great deal of emotional distress and mental pain and anguish.

31. Defendant's incessant automated collection calls, despite Plaintiff's revocation, exacerbated his emotional distress and mental pain and anguish.

32. Plaintiff attempted to explain to Defendant that he could not make a payment and wanted to be contacted in writing only in an effort to get the calls to stop, however, Defendant continued to place a significant amount of calls to Plaintiff on an almost daily basis to both his personal and work cell phone.

33. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained he was not able to make a payment, that he was out of work, that he was affected by the pandemic and that he wanted to be contacted through the mail only.

34. Defendant acted maliciously and subjected Plaintiff to oppression.

35. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing

system and as such, Defendant knowing and/or willfully violated the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Intrusion Upon Seclusion)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

41. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls

in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

b. The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Roger Davison, respectfully requests judgment be entered against Defendant NetCredit Loan Services, LLC d/b/a NetCredit, for the following:

  A. Statutory damages pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

  B. Declaratory judgment that Defendant violated the TCPA;

  C. Actual damages pursuant to Restatement of the Law, Second, Torts § 652(b);

      D.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

      E.     Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 10th day of March 2021.

> By: */s/ Ryan Farnsworth*
> Ryan Farnsworth, ID #8885
> Avery Law
> 770 S. Woodruff Ave
> Idaho Falls, ID 83401
> Tel: 208-524-3020
> Fax: 208-524-2051
> Email: ryan@averylaw.net
> *Attorneys for Plaintiff,*
> *Roger Davison*